1  Marion I. Quesenbery, Cal. SBN 072308
   RYNN & JANOWSKY, LLP
2  P.O. Box 20799
   Oakland, CA  94620
3  Telephone: (510) 705-8894
   Facsimile: (510) 705-8737
4  E-mail:  marion@rjlaw.com

5  Attorneys for Plaintiffs
   Dobler & Sons, LLC, SLO County Organics, LLC,
6  ASA Farms, Inc., and Braga Ranch, Inc.

7              UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                   SAN JOSE DIVISION

10 DOBLER & SONS, LLC; SLO COUNTY          Case No.  C 10-04092 LHK
   ORGANICS, LLC; ASA FARMS, INC.; and
11 BRAGA RANCH, INC.,                      **STIPULATION CONSENTING TO THE**
                                           **FILING OF PLAINTIFFS' THIRD**
12                Plaintiffs,              **AMENDED COMPLAINT**

13        v.

14 CALIFORNIA ORGANICS, LLC; GEOFF
   MOUSSEAU; MICHAEL BARNES; DAN
15 FANTZ; CALIFORNIA FARMS, INC.;
   MANJAR, INC.; CALIFORNIA FARMS
16 INVESTORS, LLC; and AMERICA'S
   FACTORS, INC.,
17
18                Defendants.

19        Pursuant to Federal Rules of Civil Procedure 15(a)(2), Defendants California Organics,

20 LLC, Geoff Mousseau, Michael Barnes, Dan Fantz, California Farms, Inc., Manjar, Inc.,

21 California Farms Investors, LLC, and America's Factors, Inc. (collectively "Defendants")

22 stipulate and consent to allow Plaintiffs to file a Third Amended Complaint [attached as Exhibit

23 1 to this Stipulation is a marked up copy of Plaintiffs' Second Amended Complaint (ECF No.

24 72), which shows all changes and differences between Plaintiffs' Second Amended Complaint

1    and its Third Amended Complaint).  The principal and only substantive change is that Plaintiffs

2    have added two new individual Defendants – James Roberts and Greg O'Neill.

3        In addition, because many of the Defendants have previously filed Answers to Plaintiffs'

4    Complaints (original, First Amended, or Second Amended), Plaintiffs and Defendants request

5    that, as to those Defendants who previously filed Answers only to one of these Complaints, the

6    Court not require that they respond to the Third Amended Complaint.  Rather, Plaintiffs and

7    Defendants request that all denials, responses, and affirmative defenses to Plaintiffs' Complaint,

8    First Amended Complaint, or Second Amended Complaint contained in Defendants' Answers

9    that are now on file shall be deemed responsive to the Third Amended Complaint, and any new

10   allegations shall be deemed denied.  Of course, Defendants and Plaintiffs also stipulate that

11   Defendants who currently have an Answer on file be allowed, if they choose to do so, to file a

12   response to the Third Amended Complaint; however, if a responsive pleading is not filed by the

13   previously answering Defendants within 21 days of the filing and service of the Third Amended

14   Complaint, then their prior answers currently on file shall be deemed responsive to the Third

15   Amended Complaint.

16   Date:  September 28, 2011            RYNN & JANOWSKY, LLP

17
                                         By:    /s/ Marion I. Quesenbery
18                                              Marion I. Quesenbery
                                                Attorneys for Plaintiffs Dobler & Sons, LLC
19                                              and SLO County Organics, LLC

20   Date:  October 3, 2011              LAW OFFICE OF CLYDE C. PEARCE

21                                       By:     /s/ Clyde C. Pearce
                                                Clyde C. Pearce
22                                              Attorney for Defendants Michael Barnes and
                                                California Farms Investors, LLC

23
         I, Marion I. Quesenbery, attest that today, October 3, 2011, Clyde C. Pearce authorized
24   me to affix his signature to this Stipulation Consenting To The Filing Of Plaintiffs' Third
     Amended Complaint.   /s/  Marion I. Quesenbery

1    Date: September __, 2011                    GEORGE F. BRAUN, Attorney at Law

2
                                    By:    _____
3                                          George F. Braun
                                           Attorney for Defendants California Organics, LLC
4                                          Geoff Mousseau, California Farms, Inc., and Dan
                                           Fantz
5
     Date: September __, 2011                    PATANE GUMBERG, LLP
6

7                                   By:    _____
                                           Andrea C. Avila
8                                          Jennifer Owens
                                           Attorneys for Defendant Manjar, Inc.
9
     Date: September 30 2011                     MCCORMICK BARSTOW LLP
10

11                                  By:    _____
                                           Christopher S. Hall
12                                         Kathleen Cerniglia
                                           Attorneys for Defendant America's Factors, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

     STIPULATION CONSENTING TO FILING OF THIRD AMENDED COMPLAINT
     Case No. C 10-04092 LHK – Page 3

1

Date: September 30, 2011       GEORGE F. BRAUN, Attorney at Law

2

     By:

3

         George F. Braun
         Attorney for Defendants California Organics, LLC

4

         Geoff Mousseau, California Farms, Inc., and Dan
         Fantz

5

Date: September ___, 2011      PATANE GUMBERG, LLP

6

7

     By:

8

         Andrea C. Avila
         Jennifer Owens
         Attorneys for Defendant Manjar, Inc.

9

Date: September ___, 2011      MCCORMICK BARSTOW LLP

10

11

     By:

12

         Christopher S. Hall
         Kathleen Cerniglia
         Attorneys for Defendant America's Factors, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

STIPULATION CONSENTING TO FILING OF THIRD AMENDED COMPLAINT
Case No. C 10-04092 LHK – Page 3

1    Date: September __, 2011                      GEORGE F. BRAUN, Attorney at Law

2
                                         By:      _____
3                                                 George F. Braun
                                                  Attorney for Defendants California Organics, LLC
4                                                 Geoff Mousseau, California Farms, Inc., and Dan
                                                  Fantz
5    Date: September 29, 2011                      PATANE GUMBERG, LLP

6
7                                        By:      _____
                                                  Andrea C. Avila
8                                                 Jennifer Owens
                                                  Attorneys for Defendant Manjar, Inc.
9
     Date: September __, 2011                      MCCORMICK BARSTOW LLP
10
11                                       By:      _____
                                                  Christopher S. Hall
12                                                Kathleen Cerniglia
                                                  Attorneys for Defendant America's Factors, Inc.
13
14
15
16
17
18
19
20
21
22
23
24

STIPULATION CONSENTING TO FILING OF THIRD AMENDED COMPLAINT
Case No. C 10-04092 LHK – Page 3

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        NORTHERN DISTRICT OF CALIFORNIA
10                                SAN JOSE DIVISION
11  DOBLER & SONS LLC, ET AL.,                  )   Case No.: 10-CV-4092-LHK
                                                )
12                       Plaintiffs,            )   ORDER
            v.                                  )
13                                              )
    CALIFORNIA ORGANICS, LLC, ET AL.,           )
14                                              )
                         Defendants.            )
15                                              )
                                                )
16  _____)

17          Pursuant to the Stipulation of the parties, Plaintiffs may file a clean copy of the Third

18  Amended Complaint, which is attached (in marked up form) to the Stipulation as Exhibit 1,

19  provided they do so by October 8, 2011.  In addition, in regard to Defendants who previously filed

20  Answers, they are not required to answer the Third Amended Complaint.  Rather, as to these

21  Defendants only, all denials, responses, and affirmative defenses to the First Amended Complaint,

22  which are contained in these Defendants' Answers to Plaintiffs' Complaint, First Amended

23  Complaint, or Second Amended Complaint that are now on file shall be deemed responsive to the

24  Third Amended Complaint, and any new allegations shall be deemed denied.  Defendants who

25  currently have an Answer on file may, if they choose to do so, file a response to the Third

26  Amended Complaint; however, if a responsive pleading is not filed by the previously answering

27  Defendants within 21 days of the filing and service of the Third Amended Complaint, then their

28  prior answers currently on file shall be deemed responsive to the Third Amended Complaint.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     In light of the parties' stipulation, Plaintiffs' Motion for Leave to Amend Plaintiffs' Second

Amended Complaint is DENIED as moot.

**IT IS SO ORDERED.**

Dated: October 7, 2011

_____

LUCY H. KOH

United States District Judge

**EXHIBIT B**

1   Marion I. Quesenbery, Cal. SBN 072308
    RYNN & JANOWSKY, LLP
2   P.O. Box 20799
    Oakland, CA  94610
3   Telephone: (510) 705-8894
    Facsimile: (510) 705-8737
4   E-mail:  marion@rjlaw.com

5   Attorneys for Plaintiffs
    Dobler & Sons, LLC, SLO County Organics, LLC,
6   ASA Farms, Inc., and Braga Ranch, Inc.

7              UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   DOBLER & SONS, LLC; SLO COUNTY          Case No.  C 10-04092 LHK
10  ORGANICS, LLC; ASA FARMS, INC.; and
    BRAGA RANCH, INC.,                       **THIRD** AMENDED COMPLAINT FOR     | Deleted: SECOND
11                                           VIOLATIONS OF THE PERISHABLE
                                             AGRICULTURAL COMMODITIES
12           Plaintiffs,                     ACT ("PACA") [7 U.S.C. §499a, et seq.]
                                             AND OF THE CALIFORNIA FOOD &
         v.                                  AGRICULTURAL CODE
13
    CALIFORNIA ORGANICS, LLC; GEOFF          1.  ENFORCEMENT OF PACA TRUST
14  MOUSSEAU; MICHAEL BARNES; DAN               PROVISIONS;
    FANTZ; CALIFORNIA FARMS, INC.;           2.  BREACH OF FIDUCIARY DUTY;
15  MANJAR, INC.; CALIFORNIA FARMS           3.  BREACH OF CONTRACT          | Deleted: and
    INVESTORS, LLC; AMERICA'S                4.  VIOLATION OF PACA (Failure to
16  FACTORS, INC., JAMES ROBERTS, and            Perform, Pay Promptly, and
    GREG O'NEILL,                                Maintain PACA trust) & THE
17                                               CALIFORNIA FOOD &
            Defendants.                          AGRICULTURAL CODE [§§ 56302,
18                                               56603 (Failure to Make Timely
                                                 Payment)];
19                                           5.  INJUNCTIVE RELIEF AND/OR
                                                 TEMPORARY RESTRAINING
20                                               ORDER;
                                             6.  UNJUST ENRICHMENT;
21                                           7.  CONVERSION.
22
23       Plaintiffs Dobler & Sons, LLC ("Dobler"), SLO County Organics, LLC ("SLO"), ASA

24  Farms, Inc. ("ASA Farms"), and Braga Ranch, Inc. ("Braga Ranch")(collectively "Plaintiffs")

                                                                              | Deleted: SECOND

    **THIRD** AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 1

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94610
(510) 705-8894
FAX (510) 705-8737

1  complain and allege against Defendants California Organics, LLC ("California Organics"),

2  Geoff Mousseau ("Mousseau"), Michael Barnes ("Barnes"), Dan Fantz ("Fantz"), California

3  Farms, Inc. ("California Farms"), Manjar, Inc. ("Manjar"), California Farms Investors, LLC

4  ("California Farms Investors"), America's Factors, Inc. ("America's Factors"), James Roberts

5  ("Roberts"), and Greg O'Neill ("O'Neill")(collectively "Defendants"), as follows:

**I.**

**JURISDICTION AND VENUE**

8      1.      This Court has jurisdiction of this case pursuant to the Perishable Agricultural

9  Commodities Act [7 U.S.C. § 499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. § 1331.  This

10  Court also has supplemental jurisdiction over all other claims, as they form part of the same case

11  or controversy.  28 U.S.C. § 1367(a).

12      2.      Plaintiff Dobler is and was, during all times material, a limited liability company

13  organized to do and doing business under the laws of the State of California, with its principal

14  place of business located in Moss Landing, California.  Dobler is and since 1951 has been a

15  family run grower and producer of fresh produce, which it sells to buyers, such as Defendant

16  California Organics.

17      3.      Plaintiff SLO is and was, during all times material, a limited liability company

18  organized to do and doing business under the laws of the State of California, with its principal

19  place of business located in Paso Robles, California.  SLO is a family operated specialty grower

20  and producer of USDA certified organic vegetables, which it sells to buyers, such as Defendant

21  California Organics.

22      4.      Plaintiff ASA Farms is and was, during all times material, a California

23  corporation, with its principal place of business located in Soledad, California.  ASA Farms is a

24

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA  94620
(510) 705-8894
FAX (510) 705-8737

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 2

Deleted: and

Deleted: SECOND

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

1  grower and shipper of USDA certified organic vegetables, including lettuce and spinach, which

2  it sells to buyers, such as Defendant California Organics.

3      5.      Plaintiff Braga Ranch is and was, during all times material, a California

4  corporation, with its principal place of business located in Soledad, California.  Braga Ranch

5  grows and ships fresh vegetables, including spinach, which it sells to buyers, such as Defendant

6  California Organics.

7      6.      Plaintiffs are informed and believe and thereon allege that Defendant California

8  Organics is and was during all material times a California limited liability company with its

9  principal place of business in San Benito County, California.  California Organics buys and sells

10  perishable agricultural commodities throughout the United States and is subject to licensure by

11  the United States Department of Agriculture ("USDA") as a broker, commission merchant

12  and/or dealer of perishable agricultural commodities.   In addition, California Organics is a

13  California dealer of farm products, and it is subject to licensure by the California Department of

14  Food & Agriculture.

15      7.      Plaintiffs are informed and believe and thereon allege that Geoff Mousseau and

16  Dan Fantz are individuals who, during all times herein mentioned, maintained a residence within

17  the jurisdictional boundaries of this Court.

18      8.      Plaintiffs are informed and believe and thereon allege that Michael Barnes, James

19  Roberts, and Greg O'Neill conduct business within the jurisdictional boundaries of this Court;

20  they also are informed and believe that Barnes, Roberts, and O'Neill maintain residences in Los

21  Angeles County, California.  In addition, Plaintiffs allege that O'Neill was, at all relevant times,

22  a secured lender to California Organics and was repaid in part by California Organics with full

23  knowledge that California Organics had breached its PACA trust obligations to Plaintiffs and

24  was dissipating the PACA trust assets by paying down his loan.

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 3

Deleted: s

Deleted: s

Deleted: a

Deleted: SECOND

9.      Plaintiffs are informed and believe and thereon allege that Defendant California Farms, Inc. is and was, during all material times, a California corporation having its principal place of business within the jurisdictional boundaries of this Court.

10.     Plaintiffs are informed and believe and thereon allege that Defendant Manjar, Inc. is and was, during all material times, a California corporation having its principal place of business within the jurisdictional boundaries of this Court.

11.      Plaintiffs are informed and believe and thereon allege that Defendant California Farms Investors, LLC is and was, during all material times, a Delaware limited liability company having its principal place of business within the jurisdictional boundaries of this Court.

12.     Plaintiffs are informed and believe and thereon allege that Defendant America's Factors is and was, during all material times, a California corporation with its principal place of business in the County of Los Angeles, California.  In addition, Plaintiffs allege that America's Factors was, at all relevant times, a secured lender to California Organics, who was repaid by seizing California Organics' accounts receivable.

## II.

## INTRADISTRICT ASSIGNMENT

13.     This action arose in San Benito County, California.  Defendant California Organics' principal place of business is in San Benito County, California, where its assets were and are located and where it transacted business.  Plaintiffs allege in this Third Amended Complaint that Defendants owe or must disgorge to Plaintiff Dobler $309,485.92, Plaintiff SLO $69,337.26, Plaintiff ASA Farms $157,890.10, and Plaintiff Braga Ranch $14,874.24 for fresh produce that Plaintiffs sold and shipped to Defendant California Organics in Hollister, California, pursuant to the contracts of sale between Plaintiffs and Defendant California Organics.  These contracts were entered into in Hollister, California.

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 4

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

**Deleted:** Second

**Deleted:** SECOND

### III.

### FIRST CLAIM FOR RELIEF
**(Enforcement Of The PACA Trust Provisions;**
**Disgorgement Of PACA Trust Assets)**
***Against All Defendants***

14.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 13 of this Third Amended Complaint as though fully set forth in this paragraph 14.

**Deleted:** Second

15.    Defendant California Organics is and was at all relevant times a dealer of perishable agricultural commodities throughout the United States.  Specifically, it is and was at all relevant times engaged in the business of buying and selling perishable agricultural commodities – as defined by the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a *et seq.* ("PACA") – throughout the United States, and it is currently and was at all relevant times subject to licensure by the USDA as a commission merchant, dealer, and/or broker of perishable agricultural commodities.  As such, it is and was at all relevant times regulated by and subject to PACA.

16.    Plaintiffs are and were at all relevant times licensed by the USDA as commission merchants, dealers, and/or brokers of fresh produce (Dobler – license # 20070872; SLO – license # 20080322; ASA Farms – license # 20080134; and Braga Ranch – license # 20080135).

17.    From May 2010 through July 2010, Plaintiff Dobler sold and shipped perishable agricultural commodities (e.g., spinach, lettuce) to Defendant California Organics at California Organics' request.  Defendant California Organics agreed to pay Dobler $570,003.97 for this fresh produce; however, of this sum, California Organics still owes Dobler $309,485.92, which is significantly past due and unpaid by Defendant California Organics.  Payment was due "PACA prompt" (i.e., within 10 days of acceptance by Defendant of the fresh produce) from Defendant California Organics.  7 C.F.R. § 46.2(aa)(5).

**Deleted:** SECOND

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

18.     From January 2010 through July 2010, Plaintiff SLO sold and shipped perishable agricultural commodities (e.g., spinach, lettuce) to Defendant California Organics at California Organics' request.  Defendant California Organics agreed to pay SLO $304,742.84 for this fresh produce; however, of this sum California Organics still owes SLO $69,337.26, all of which remains significantly past due and unpaid by Defendant California Organics.  Payment was due from Defendant California Organics within 21 days of acceptance of the fresh produce by Defendant.

19.     From July 27, 2010 through November 13, 2010, Plaintiff ASA Farms sold and shipped perishable agricultural commodities (e.g., spinach, lettuce) to Defendant California Organics at California Organics' request.  Defendant California Organics agreed to pay ASA Farms $157,890.10 for this fresh produce, which is significantly past due and unpaid by Defendant California Organics.  Payment was due within 30 days from shipment from Defendant California Organics.

20.     On July 27, 2010 and October 9, 2010, Plaintiff Braga Ranch sold and shipped perishable agricultural commodities (i.e., spinach) to Defendant California Organics at California Organics' request.  Defendant California Organics agreed to pay Braga Ranch $14,874.24 for this fresh produce; however, this sum is significantly past due and unpaid by Defendant California Organics.  Payment was due within 30 days from shipment from Defendant California Organics.

21.     Pursuant to the PACA trust provisions, 7 U.S.C. § 499e(c), upon receipt by California Organics of Plaintiffs' fresh produce, Plaintiffs became the beneficiaries of a floating, non-segregated statutory trust on "all [of California Organics'] inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from

**Deleted:** SECOND

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 6

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

the sale of such commodities or products . . . [and all assets purchased or maintained with PACA trust assets] until full payment of the sums owing" is made to Plaintiffs.

22.     At or about the date of each sale of the perishable agricultural commodities to Defendant California Organics, Plaintiffs sent invoices to California Organics.  Each invoice set forth information in sufficient detail to identify the transaction and the sum owed by California Organics to each Plaintiff for the perishable agricultural commodities purchased by Defendant California Organics.  Each invoice also included the language required by the PACA, 7 U.S.C. §499e(c)(4), to preserve Plaintiffs' PACA trust rights for the total sum owed under the invoices.

23.     Plaintiffs have performed and fulfilled all duties required of them to preserve their PACA trust rights.  As a result, Plaintiffs hold and held, at all relevant times, a perfected interest as statutory trust beneficiaries in California Organics' PACA trust assets.  Indeed, the PACA trust assets never became the property of California Organics.  Rather, as the beneficiaries of the PACA trust, Plaintiffs hold and, at all relevant times, held equitable title to California Organics' PACA trust assets, which include (and included) but are not limited to all inventory of perishable agricultural commodities, all proceeds and receivables from the sale of perishable agricultural commodities, and all assets purchased with or maintained by the proceeds from the sale of perishable agricultural commodities.

24.     The PACA trust requires and required Defendant California Organics to hold and preserve all perishable agricultural commodities, proceeds, and receivables in trust for the benefit of Plaintiffs, until full payment is made by California Organics to Plaintiffs.  Plaintiffs are informed and believe and on that basis allege that Defendant California Organics has failed to maintain the trust assets and to keep them freely available to satisfy Defendant California Organics' obligations to Plaintiffs.

Deleted: SECOND

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 7

25.     Plaintiffs are informed and believe and on that basis allege that Defendant California Organics improperly dissipated Plaintiffs' interest in the trust assets by granting security interests in the trust assets, by failing to maintain the trust, and by using the trust assets for purposes other than for paying Plaintiffs, all in violation of the PACA.  7 U.S.C. §§ 499b(4) & 499e(c).

26.     Plaintiffs are informed and believe and on that basis allege that California Organics' PACA trust assets were transferred to or seized by Defendants Mousseau, Barnes, Fantz, California Farms, Manjar, California Farms Investors, America's Factors, Roberts, and O'Neill in violation of PACA.

27.     As a direct and proximate result of the wrongful acts and omissions of Defendants, Plaintiff Dobler has been damaged in the sum of $309,485.92, plus contractual pre and post judgment interest (@18% per year) and costs and attorneys' fees, all of which qualifies for protection under the PACA trust provisions.

28.     As a direct and proximate result of the wrongful acts and omissions of Defendants, Plaintiff SLO has been damaged in the sum of $69,337.26, plus pre and post judgment statutory interest (@ the California statutory contractual rate of 10% per year) and contractual attorneys' fees and costs, all of which qualifies for protection under the PACA trust provisions.

29.     As a direct and proximate result of the wrongful acts and omissions of Defendants, Plaintiff ASA Farms has been damaged in the sum of $157,890.10, plus contractual pre and post judgment interest (@18% per year) and attorneys' fees and costs, all of which qualifies for protection under the PACA trust provisions.

30.     As a direct and proximate result of the wrongful acts and omissions of Defendants, Plaintiff Braga Ranch has been damaged in the sum of $14,874.24, plus contractual

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

Deleted: a

Deleted: and

Deleted: SECOND

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

1  pre and post judgment interest (@18% per year) and attorneys' fees and costs, all of which

2  qualifies for protection under the PACA trust provisions.

3       31.     In addition, because Plaintiffs have and had a superior interest in California

4  Organics' PACA trust assets, Defendants should account for all of California Organics' PACA

5  trust assets that are currently in their possession, that were previously held by California

6  Organics, and/or that were transferred to or seized by them.  Defendants also should disgorge to

7  Plaintiffs, until Plaintiffs have been paid in full, all PACA trust assets now in their possession or

8  in the possession of third parties controlled by them and all California Organics' PACA trust

9  assets that were transferred to, seized by, or sold by Defendants.

10                                   **IV.**

11                       **SECOND CLAIM FOR RELIEF**
                  **(Breach Of Fiduciary Duty By PACA Trust Trustees)**
12          *Against Defendants California Organics, Mousseau, Barnes, Fantz,*
            *California Farms, Manjar, California Farms Investors, and Roberts*

13       32.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 31 of this

14  Third Amended Complaint as though fully set forth in this paragraph 32.

15       33.     Plaintiffs are informed and believe and thereon allege that Defendants California

16  Organics, Mousseau, Barnes, Fantz, California Farms, Manjar, California Farms Investors, and

17  Roberts (collectively "Responsibly Connected Defendants") had actual and constructive

18  knowledge of the PACA trust and who were, at all relevant times, owners, members, managers,

19  and/or persons or entities who controlled and continue to control the day-to-day operations,

20  financial affairs, and PACA trust assets of California Organics.  As such,  "Responsibly

21  Connected Defendants", are and were at all relevant times statutory trustees of the PACA trust

22  assets held by Defendant California Organics for the benefit of Plaintiffs and other PACA trust

23  creditors.  As trustees, Responsibly Connected Defendants were and are required to maintain the

24  PACA trust assets in a manner that insures and insured that they would be readily available to

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 9

---

**Deleted:** *and*

**Deleted:** Second

**Deleted:** As

**Deleted:** .

**Deleted:**  Defendants California Organics, Mousseau, Barnes, Fantz, California Farms, Manjar, and California Farms Investors (collectively

**Deleted:** )

**Deleted:** SECOND

1   satisfy California Organics' outstanding debt to Plaintiffs and other similarly situated PACA

2   trust beneficiaries.

3       34.    Responsibly Connected Defendants breached their fiduciary duty by failing to

4   maintain the PACA trust assets in a manner so as to insure payment to California Organics'

5   suppliers of perishable agricultural commodities, by dissipating the PACA trust assets, and by

6   failing to account for the PACA trust assets.

7       35.    As a direct and proximate result of Responsibly Connected Defendants' breach of

8   their fiduciary duty, Plaintiffs has been damaged in the cumulative sum of $551,587.52, plus pre

9   and post judgment interest, costs, and attorneys' fees.

10   **V.**

11   **THIRD CLAIM FOR RELIEF**
**(Breach Of Contract)**
12   ***Against Defendant California Organics***

13       36.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 35 of this

14   Third Amended Complaint as though fully set forth in this paragraph 36.

| Deleted: Second |
| --- |

15       37.    Plaintiffs have fulfilled all of their obligations under the contracts with Defendant

16   California Organics; however, California Organics has failed to pay Plaintiffs the sums that it

17   agreed to pay Plaintiffs for the perishable agricultural commodities that Plaintiffs sold and

18   shipped to California Organics.

19       38.    Plaintiffs have repeatedly demanded that Defendant California Organics pay the

20   cumulative total of $551,587.52, plus interest and attorneys' fees.

21       39.    As a direct and proximate result of Defendant California Organics' breach of the

22   contracts with Plaintiffs, Plaintiffs have been damaged in the cumulative sum of $551,587.52,

23   plus interest and attorneys' fees.  In addition, "any delinquent payment of money . . . shall

24   include a late charge of 5 percent per month of the unpaid balance calculated on a daily basis for

| Deleted: SECOND |
| --- |

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 10

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

the period of the delinquency for the first month and an additional 1 percent per month of the unpaid balance calculated on a daily basis for the remaining period of the delinquency."  Cal. Food & Agric. Code §56620.

**VI.**

**FOURTH CLAIM FOR RELIEF**
**(Violations of PACA and the California Food & Agricultural Code)**
*Against Defendant California Organics*

40.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 39 of this Third Amended Complaint as though fully set forth in this paragraph 40.

41.    Although the agreed time for payment for Plaintiffs' fresh produce is long past due, California Organics has unlawfully failed and continues to fail to make full payment promptly for these commodities, as required by 7 U.S.C. § 499b(4).

42.    In addition, California Organics has failed to properly maintain the PACA trust assets so as to have sufficient funds freely available to pay Plaintiffs in full for the fresh produce that California Organics purchased from Plaintiffs, which is also a violation of 7 U.S.C. § 499b(4).

43.    Defendant California Organics' breach of contract is also a violation of PACA, 7 U.S.C. § 499b(4), as it is a failure "to perform any specification or duty, express or implied, arising out of any undertaking in connection with" its transactions with Plaintiffs.

44.    Finally, California Organics' failure to pay for the farm product that it purchased from Plaintiffs at the time and in the manner specified in the contracts with them, or within 30 days from delivery, is a violation of California Food and Agricultural Code §56302.

45.    As a direct and proximate result of Defendant California Organics' violations of both federal and state laws, Plaintiffs have been damaged in the cumulative sum of $551,587.52 , plus pre and post judgment interest and attorneys' fees.  In addition, Plaintiffs are entitled to penalties under the California Food and Agricultural Code §56620.

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 11

Deleted: Second

Deleted: SECOND

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

Deleted: ----------Page Break----------

**VII.**

**FIFTH CLAIM FOR RELIEF**
**(For Injunctive Relief and/or Temporary Restraining Order)**
*Against All Defendants*

46.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 45

of this Third Amended Complaint as though fully set forth in this paragraph 46.

Deleted: Second

47.     Pursuant to the provisions of the PACA, specifically 7 U.S.C. § 499e(c),

perishable agricultural commodities received by a commission merchant, broker or dealer in all

transactions and all inventories or other products derived from these products are held in trust by

the receiver for the benefit of unpaid suppliers until such suppliers receive full payment of sums

owed in connection with such transactions.

48.     On numerous occasions Plaintiffs have demanded that Defendants pay the

balances due to Plaintiffs in the amounts alleged in this Third Amended Complaint, but

Deleted: Second

Defendants have failed and refused, and continue to fail and refuse, to remit payment to

Plaintiffs for the perishable agricultural commodities that Defendant California Organics

received.

49.     Plaintiffs believe and thereon allege that Defendant California Organics is failing

to pay its undisputed debts, including Plaintiffs' PACA trust debt, as those debts become due.

Plaintiffs are further informed and believe, and thereon allege, that as a result of this failure, the

PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained

from further dissipation by order of this Court.

50.     Pursuant to the terms of the PACA trust, and pursuant to Defendants' fiduciary

duty owed to Plaintiffs, both under federal and California law, Defendants owed a duty to

transfer to Plaintiffs sums owed to Plaintiffs for the produce shipments which are the subject of

this Third Amended Complaint.

Deleted: Second

51.     Plaintiffs are informed and believe and thereon allege that Defendants have

dissipated, diverted and will continue to dissipate and divert assets, which are due and owing to

Plaintiffs, either to themselves or to third parties, or will dissipate, conceal or otherwise make

Deleted: SECOND

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 12

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

1    such assets unavailable if a noticed hearing seeking injunctive relief is required.

2        52.    If such diversion of assets is allowed to continue, Plaintiffs will suffer great and

3    irreparable harm in that the PACA trust assets will not be preserved, and Plaintiffs will have

4    difficulty or be unable to pay their own creditors.  Moreover, Plaintiffs and other creditors of

5    Plaintiffs, *a substantial number of which* are PACA trust creditors (like Plaintiffs), will suffer

6    great and irreparable harm if all PACA trust assets held by Defendants for the benefit of

7    Plaintiffs, and other similarly situated PACA trust creditors, are dissipated and are forever lost to

8    such creditors.

9        53.    Therefore, Plaintiffs will request that this Court enter an *ex parte* order for

10   injunctive relief to compel Defendants to immediately account to the Court and to Plaintiffs for

11   all assets of the PACA trust from commencement of Defendant California Organics' business

12   through the date of the order and to compel Defendants to turnover sufficient PACA trust assets

13   until all PACA trust creditors are paid in full.  In the alternative, Plaintiffs request that this Court

14   enter a temporary restraining order directing that Defendants, Defendants' officers, directors,

15   shareholders, members, managers, bankers, attorneys, agents, or any other person acting on

16   Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust assets, that they

17   provide a complete accounting pending a hearing on the Plaintiffs' Application for Injunctive

18   Relief, and that they comply with PACA and the California Food & Agricultural Code.

19       54.    Plaintiffs are informed and believe and thereon allege that Defendants will not be

20   damaged or injured in any way by the requested relief because the assets they hold are statutorily

21   required to be held *in trust* by Defendants for the benefit of Plaintiffs, and other similarly

22   situated PACA trust creditors, until they receive full payment.  Thus, to the extent that

23   Defendants' assets are secured by the PACA trust, such assets rightfully belong to Plaintiffs and

24   must be paid immediately to Plaintiffs.

**Deleted:** SECOND

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 13

**VIII.**

**SIXTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**
*Against All Defendants*

55.     Plaintiffs allege and incorporate by reference paragraphs 1 through 54 inclusive, of this Third Amended Complaint as though fully set forth in this paragraph 55.

> Deleted: Second

56.     Plaintiffs are informed and believe that Defendants converted, or are now in the process of converting, to their own use and benefit, the proceeds from the sale of Plaintiffs' fresh produce.

57.     If Defendants are allowed to continue to convert and/or use these proceeds, they will be unjustly enriched to the detriment of Plaintiffs.

58.     As a direct and proximate result of Defendant California Organics' unlawful actions, Plaintiffs have been damaged in the cumulative sum of $551,587.52, plus pre and post judgment interest.

**XI.**

**SEVENTH CLAIM FOR RELIEF**
**(Conversion)**
*Against All Defendants*

59.     Plaintiffs allege and incorporate by reference paragraphs 1 through 58, inclusive, of this Third Amended Complaint as though fully set forth in this paragraph 59.

> Deleted: Second

60.     At all times relevant, Plaintiffs were and currently are entitled to possession of the perishable agricultural commodities that they sold to Defendant California Organics and/or to the sums that were derived from the sale of Plaintiffs' fresh produce.

61.     Plaintiffs have repeatedly demanded the immediate turnover of the sums that Defendant California Organics received from the sale of Plaintiffs' fresh produce, but Defendants have failed and refused and continue to fail and refuse to turn over such sums of

> Deleted: SECOND

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 14

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

money to Plaintiffs. Rather, the fresh produce and/or the proceeds from the sale of the fresh produce have been converted to Defendants' own use.

62.     Defendants' actions have been willful, wanton, malicious, and oppressive and were done with the intent to defraud Plaintiffs. Such acts justify an award of punitive damages in an amount to be proven at the time of trial.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants, joint and severally, as follows:

<u>**FIRST CLAIM FOR RELIEF**</u>
**(Enforcement Of The PACA Trust Provisions;**
**Disgorgement Of PACA Trust Assets)**
*Against All Defendants*

A.     For an order requiring Defendants to immediately account for and pay and/or disgorge to Plaintiffs all PACA trust assets held by or under the control of California Organics, until Plaintiffs cumulative total of $551,587.52 [Dobler – $309,485.92; SLO – $69,337.26; ASA Farms – $157,890.10; Braga Ranch – $14,874.24], plus pre and post judgment interest (@ the contractual rate of 18% per year to Dobler, ASA Farms, and Braga Ranch, and @ the California statutory contract rate of 10% per year to SLO) and contractual attorneys' fees and ; and

B.     For such other and further relief as the Court may deem just and proper.

**SECOND CLAIM FOR RELIEF**
**(Breach Of Fiduciary Duty By PACA Trust Trustees)**
*Against Defendants California Organics, Mousseau, Barnes, Fantz,*
*California Farms, Manjar, California Farms Investors, and Roberts*

C.     For an order requiring Defendants to immediately account for and pay and/or disgorge to Plaintiffs all PACA trust assets held by or under the control of California Organics, until Plaintiffs cumulative total of $551,587.52 [Dobler – $309,485.92; SLO – $69,337.26; ASA Farms – $157,890.10; Braga Ranch – $14,874.24], plus pre and post judgment

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 15

LAW OFFICES
RYNN & JANOWSKY, LLP
P. O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

Deleted: *and*

Deleted: SECOND

LAW OFFICES
RYNN & JANOWSKY, LLP
P. O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

1   interest (@ the contractual rate of 18% per year to Dobler, ASA Farms, and Braga Ranch,

2   and @ the California statutory contract rate of 10% per year to SLO) and contractual

3   attorneys' fees; and

4   D.   For such other and further relief as the Court may deem just and proper.

### THIRD CLAIM FOR RELIEF
### (Breach Of Contract)
***Against Defendant California Organics***

7   E.   For an order requiring Defendant California Organics to pay Plaintiffs the cumulative

8   total of $551,587.52 [Dobler – $309,485.92; SLO – $69,337.26; ASA Farms –

9   $157,890.10; Braga Ranch – $14,874.24], plus pre and post judgment interest (@ the

10   contractual rate of 18% per year to Dobler, ASA Farms, and Braga Ranch, and @ the

11   California statutory contract rate of 10% per year to SLO) and contractual attorneys' fees;

12   F.   For statutory late fees of "5 percent per month of the unpaid balance calculated on a daily

13   basis for the period of the delinquency for the first month and an additional 1 percent per

14   month of the unpaid balance calculated on a daily basis for the remaining period of the

15   delinquency."  Cal. Food & Agric. Code §56620; and

16   G.   For such other and further relief as the Court may deem just and proper.

### FOURTH CLAIM FOR RELIEF
### (Violations of PACA and the California Food & Agricultural Code)
***Against Defendant California Organics***

19   H.   For an order requiring Defendant California Organics to pay Plaintiffs the cumulative

20   total of $551,587.52 [Dobler – $309,485.92; SLO – $69,337.26; ASA Farms –

21   $157,890.10; Braga Ranch – $14,874.24], plus pre and post judgment interest (@ the

22   contractual rate of 18% per year to Dobler, ASA Farms, and Braga Ranch, and @ the

23   California statutory contract rate of 10% per year to SLO) and contractual attorneys' fees;

24

**Deleted:** SECOND

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 16

I.    For statutory late fees of "5 percent per month of the unpaid balance calculated on a daily basis for the period of the delinquency for the first month and an additional 1 percent per month of the unpaid balance calculated on a daily basis for the remaining period of the delinquency."  Cal. Food & Agric. Code §56620; and

J.    For such other and further relief as the Court may deem just and proper.

<u>**FIFTH CLAIM FOR RELIEF**</u>
**(For Injunctive Relief and/or Temporary Restraining Order)**
*Against All Defendants*

K.    For an order compelling Defendants to turnover to Plaintiffs sufficient PACA trust assets to pay Plaintiffs' the sums owed to them and protected by the PACA trust in the cumulative sum of $551,587.52 [Dobler – $309,485.92; SLO – $69,337.26; ASA Farms – $157,890.10; Braga Ranch – $14,874.24], plus pre and post judgment interest (@ the contractual rate of 18% per year to Dobler, ASA Farms, and Braga Ranch, and @ the California statutory contract rate of 10% per year to SLO) and contractual attorneys' fees and to deposit into a trust account sufficient PACA trust assets to pay all other PACA trust creditors in full;

L.    For an order compelling Defendants to immediately account to the Court and to Plaintiffs for all assets of the PACA trust from commencement of Defendant California Organics' business through the date of the order;

M.    For an order compelling Defendants to fully comply with PACA and the California Food & Agricultural Code; or

N.    In the alternative, Plaintiffs request that this Court enter a temporary restraining order directing that Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents, or any other person acting on Defendants' behalf not disburse, transfer or otherwise dissipate the PACA trust assets in Defendants' possession or control pending a hearing on the Plaintiffs' Application for Injunctive Relief and ordering

LAW OFFICES
**RYNN & JANOWSKY, LLP**
P. O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 17

Deleted: SECOND

1   Defendants to account for all PACA trust assets in their possession or previously in their

2   possession.

3                           **SIXTH CLAIM FOR RELIEF**
                                *(Unjust Enrichment)*
4                             *Against All Defendants*

5   O.   For an order requiring Defendants to pay Plaintiffs the cumulative total of $551,587.52

6        [Dobler – $309,485.92; SLO – $69,337.26; ASA Farms – $157,890.10; Braga Ranch –

7        $14,874.24], plus pre and post judgment interest (@ the contractual rate of 18% per year

8        to Dobler, ASA Farms, and Braga Ranch, and @ the California statutory contract rate of

9        10% per year to SLO); and

10  P.   For such other and further relief as the Court may deem just and proper.

11                          **SEVENTH CLAIM FOR RELIEF**
                                    *(Conversion)*
12                            *Against All Defendants*

13  Q.   For the value of the monies converted in the sum of $551,587.52 [Dobler – $309,485.92;

14       SLO – $69,337.26; ASA Farms – $157,890.10; Braga Ranch – $14,874.24], plus pre and

15       post judgment interest (@ the contractual rate of 18% per year to Dobler, ASA Farms,

16       and Braga Ranch, and @ the California statutory contract rate of 10% per year to SLO);

17  R.   For punitive damages in an amount to be proven at the time of trial; and

18  S.   For such other and further relief as the Court may deem just and proper.

19  Date:   September 28, 2011          RYNN & JANOWSKY, LLP

20

21                          By:    /s/  Marion I. Quesenbery
                                   MARION I. QUESENBERY
22                                 Attorneys for Plaintiffs
                                   Dobler & Sons, LLC, SLO County Organics, LLC,
23                                 ASA Farms, Inc., and Braga Ranch, Inc.

24

THIRD AMENDED COMPLAINT, Case No. C 10-04092 LHK – Page 18

LAW OFFICES
RYNN & JANOWSKY, LLP
P. O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

Deleted: California Organics

Deleted: January 12

Deleted: SECOND