UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DOBLER & SONS, LLC, et al., | ) ) | Case No.: 10-CV-04092-LHK |
| Plaintiffs, | ) ) | Related Case No.: 11-CV-00529-LHK |
| v. | ) ) | ORDER STAYING CASES AND REFERRING CASES TO |
| CALIFORNIA ORGANICS, LLC, et al., | ) ) | BANKRUPTCY COURT |
| Defendants. | ) ) | (re: dkt. #155) |
| OCEANO PACKING COMPANY, et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| CALIFORNIA ORGANICS, LLC, et al., | ) ) | |
| Defendants | ) ) | |

On March 14, 2012, California Organics, LLC ("California Organics") filed a "Notice of Removal of Civil Action to the United States Bankruptcy Court." *See* ECF No. 155. Removal is a procedure for removing state actions to federal court and therefore does not apply here, as the two above-captioned matters are already pending in federal district court. *See* 28 U.S.C. §§ 1441, 1446, 1452. California Organics' improper "Notice of Removal," however, alerted the Court to the fact that on February 9, 2012, California Organics filed a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq. See* ECF No. 155 at 4.

1
Case No.: 10-CV-04092-LHK; Related Case No.: 11-CV-00529-LHK
ORDER STAYING CASES AND REFERRING CASES TO BANKRUPTCY COURT

Pursuant to § 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition operates as an automatic stay of all pending judicial proceedings. Accordingly, this action is STAYED pending resolution of the bankruptcy proceedings in Bankruptcy Court, and all pending Court deadlines are hereby VACATED, including, specifically, the following in Case No. 10-cv-04092-LHK: (1) Settlement Conference, scheduled for March 22, 2012, before Magistrate Judge Howard R. Lloyd, *see* ECF No. 147; (2) Oceano Packing Company, LLC's Motion to Dismiss Counterclaims by Summar Financial, LLC, set for hearing on April 26, 2012, *see* ECF No. 118; (3) Manjar, Inc.'s Motion to Dismiss the Cross-Claim of Michael Barnes and California Farms Investors, LLC, set for hearing on April 26, 2012, *see* ECF No. 137; (4) Dobler & Sons, LLC; SLO County Organics, LLC; ASA Farms, Inc; and Braga Ranch, Inc.'s Motion for Leave to Amend Plaintiffs' Third Amended Complaint, set for hearing on April 26, 2012, *see* ECF No. 141; (5) Manjar, Inc.'s Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment, as to Dobler & Sons Plaintiffs, set for hearing on April 26, 2012, *see* ECF No. 146; and (6) Case Management Conference, set for April 26, 2012, *see* ECF No. 154; as well as the following in Related Case No. 11-cv-00529-LHK: (7) Oceano Packing Company, LLC's Motion for Leave to Amend Plaintiffs' Second Amended Complaint, set for hearing on April 26, 2012, *see* ECF No. 134; (8) Manjar, Inc.'s Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment, as to Plaintiff Oceano Packing Company, set for hearing on April 26, 2012, *see* ECF No. 149; (9) Summar Financial, LLC's Application for Determination of Good Faith Settlement Pursuant to Cal. Civ. Code § 877, *see* ECF No. 156; and (10) Case Management Conference, set for April 26, 2012, *see* ECF No. 158.

Furthermore, the Court finds that the two above-captioned matters (1) are civil proceedings related to California Organic's case under title 11, and (2) were pending in the District Court on the date California Organic's title 11 case was filed, and are thus suitable for reference to the Bankruptcy Judges of this District.[1] *See* 28 U.S.C. § 157(a); B.L.R. 5011-1(b). Accordingly, the two above-captioned matters are hereby referred to the Bankruptcy Court.

---

[1] Pursuant to 28 U.S.C. § 157(c)(1), "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." "An action is related to

1  **IT IS SO ORDERED.**

3  Dated: March 19, 2012

*[Signature: Lucy H. Koh]*
LUCY H. KOH
United States District Judge

---

bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (quotation marks omitted).